## Crawford v. Chambersburg Hospital

*Richard C. Angino,* for plaintiffs.
*James K. Thomas* and *Frank B. Boyle,* for defendants.

KELLER, *J.,* April 28, 1980—This matter is before the court on the motion of plaintiffs to compel discovery and impose sanctions, and specifically requesting the court to direct judgment in favor of plaintiffs against both defendants and limit the

scheduled trial to one of damages. Plaintiffs' motion was filed on March 3, 1980.

To put this proceeding in its proper context, we will hereafter set forth the various pleadings that have been filed, discovery efforts and proceedings, and incidents involving the court.

## PLEADINGS

August 14, 1975—Writ in trespass issued on praecipe of plaintiffs and served on both defendants on August 18, 1975.

August 27, 1975—Appearance entered by counsel for the Chambersburg Hospital.

August 27, 1975—On praecipe by counsel for hospital a rule issued upon plaintiffs to file a complaint.

May 16, 1977—Appearance entered by new counsel for hospital.

Dec. 27, 1979—Plaintiffs' complaint filed.

Dec. 27, 1979—Plaintiffs' praecipe to list case for trial at the March 1980 term.

Feb. 21, 1980—Defendant hospital's answer with new matter filed.

Feb. 25, 1980—Defendant doctor's answer with new matter filed.

Feb. 25, 1980—Plaintiffs' reply to hospital's new matter filed.

Feb. 29, 1980—Plaintiffs' reply to doctor's new matter filed.

March 25, 1980—Plaintiffs' amended complaint filed.

April 11, 1980—Defendant hospital's answer to amended complaint with new matter filed.

April 18, 1980—Plantiffs' reply to new matter filed.

## DISCOVERY EFFORTS AND PROCEEDINGS

Nov. 3, 1975—Notice to take deposition of Dr. Frantz on November 25, 1975 filed.

Feb. 11, 1977—Depositions of Nancy Secrest and Linda Leonard taken.

July 28, 1977—Deposition of Dr. Alfred S. Frantz taken.

Nov. 18, 1977—Plaintiffs' interrogatories to defendant hospital filed.

Jan. 30, 1978—Answer of defendant hospital to plaintiffs' interrogatories.

April 11, 1979—Plaintiffs' supplemental interrogatories to defendant hospital filed.

April 11, 1979—Plaintiffs' interrogatories to defendant Dr. Frantz filed.

Oct. 18, 1979—Plaintiffs' request to defendant hospital for the production of documents filed.

Oct. 18, 1979—Plaintiffs' request to defendant doctor for the production of documents filed.

Feb. 21, 1980—Defendant hospital filed plaintiffs' second supplemental interrogatories to defendant hospital dated June 19, 1979 with answers appended (defendant hospital's Vice-President, Administration, executed and acknowledged defendant hospital's answer on November 21, 1979).

Feb. 21, 1980—Defendant hospital's response to plaintiffs' request for production of documents filed.

Feb. 25, 1980—Defendant Dr. Frantz's answer to plaintiffs' interrogatories of April 11, 1979 filed.

Feb. 25, 1980—Defendant Dr. Frantz's answers to plaintiffs' supplemental interrogatories dated June 19, 1979 filed.

(Defendant hospital never filed any answer to plain-

tiffs' supplemental interrogatories filed April 11, 1979.)

## EVENTS INVOLVING THE COURT

Feb. 25, 1980—A pre-trial conference was held with chief counsel for all parties, and inter alia:

1. The court advised counsel that an order would issue to direct the production of the record requested in paragraph one of plaintiffs' request for production of documents with certain limitations.

2. Counsel for plaintiffs stated plaintiffs' theories of liability as to both defendants in detail.

3. All counsel agreed additional depositions would be required by all parties and would meet promptly to schedule them.

4. Plaintiffs were required to file an amended complaint to incorporate all theories of liability enunciated by counsel for plaintiffs.

5. Argument on plaintiffs' motion to compel discovery and impose sanctions was scheduled for April 3, 1980. If counsel determine issues of fact are raised by the motion, they shall advise the court and move for the scheduling of a hearing.

6. Trial was continued to the May term of court which commences on May 12, 1980.

7. The court administrator was directed to schedule a second pre-trial conference in advance of May 12, 1980.

March 20, 1980—Defendant hospital was ordered to comply with paragraph one of plaintiffs' request for production of documents filed October 18, 1979 with limitations.

March 21, 1980—No objections or requests for corrections having been received the pre-trial conference memorandum was filed.

April 3, 1980—Counsel for defendants failed to

file briefs as required by local rules of court and were unprepared to argue plaintiffs' motion to compel discovery and impose sanctions as scheduled.

By agreement of counsel for plaintiffs and with the approval of the court, counsel for defendants were granted leave to file briefs with the court on or before April 9, 1980, and the court would act on plaintiffs' motion on the basis of briefs filed. Counsel for defendant doctor's brief was filed on April 9, 1980. Counsel for defendant hospital's brief was not filed until April 11, 1980.

No answers were filed by defendants to plaintiffs' motion to compel discovery and impose sanctions; counsel did not notify the court of the existence of any issues of fact raised by the motion or request the scheduling of a hearing; and defendants filed no objections and sought no protective orders as provided by the Rules of Civil Procedure as to any of the discovery procedures followed by plaintiffs. We, therefore, conclude that the material and relevant allegations of the petition must be taken as true for the purposes of this proceeding.

We take note of the fact that:

1. Defendant hospital filed no answer to plaintiffs' supplemental interrogatories filed April 11, 1979.

2. Defendant doctor filed no response to plaintiffs' request for production of documents filed October 18, 1979.

3. Defendant hospital responded to plaintiffs' second supplemental interrogatories concerning expert witnesses stating, "not determined at this time" or "not applicable;" and in response to Item 8 stated that an investigation secured information

regarding the facts of the incident, but it is "not discoverable." The response was not signed by counsel for defendant hospital.

4. The response of defendant doctor to plaintiffs' supplemental interrogatories concerning the identity, qualifications and other matters pertaining to expert witnesses was "expert not determined at this time," and in response to Item 13 stated that a report given by the doctor was not "discoverable." The response was not signed by counsel for defendant doctor.

5. Counsel for plaintiffs wrote four letters to counsel for defendants between May 21, 1979 and February 1, 1980 requesting, urging and insisting that defendants answer the various interrogatories and provide the documents requested.

6. The order of March 20, 1980 directing the production of the documents requested in paragraph one of plaintiffs' request for production of documents provided that defendant hospital would "forthwith" provide plaintiffs with the documents according to limitations set forth in the order. We assume from the hospital counsel's statement in their brief that the order will be complied with "forthwith" and no further consideration will be given to this issue.

7. Counsel for defendant doctor has asserted in the doctor's brief that Dr. Frantz "has not engaged for the purposes of testimony the services of an expert, and the present plan of defendant, Frantz, as the case goes to trial is to proceed without the services of an expert, relying solely in that regard on his own testimony." We accept that to be the trial strategy of defendant doctor, and will anticipate no offer of expert testimony in the defense of Dr. Frantz.

8. All of plaintiffs' interrogatories are specifically continuing interrogatories.

9. A second pre-trial conference has been scheduled by the court administrator of this judicial district for April 28, 1980 and, inter alia, a day certain for trial will be scheduled.

10. Trial is scheduled for the May term of this court which commences on May 12, 1980 at which time it is expected that a jury will be selected for the trial of this case.

Plaintiffs complain strenuously of the failure of defendants to respond or adequately respond to all of their interrogatories, and request for the production of documents. However, assuming defendants will provide the documents pursuant to the court order and as they indicated they would in their briefs, we understand the principal complaint of plaintiffs as well as their primary concern centers upon defendant hospital's failure to respond to the interrogatories pertaining to essential expert witnesses for the defense.

Counsel for defendant hospital appears to argue that it had not as of April 7, 1980 determined "what expert testimony they will present at trial" and therefore until that ultimate determination is made defendant hospital has complied with the rules by alleging "not determined at this time," and will be in full compliance if the answer is updated when the determination is made. From this conclusion counsel then springs to the ultimate conclusion that plaintiff is premature in seeking the imposition of sanctions. Counsel for both defendants also contend plaintiffs' motion to compel discovery and impose sanctions is premature because under Pa.R.C.P. 4019(g)(1) plaintiffs must first secure an order compelling compliance, and only when that

order is disobeyed may a motion be made for the imposition of sanctions by the court.

The Rules of Civil Procedure promulgated and adopted November 20, 1978 governing depositions and discovery may clearly be called breathtaking in their enlargement of the rights of the parties to discovery. It is unfortunately necessary for us to review some of these rules in the disposition of this matter.

Pa.R.C.P. 4003.5 provides, inter alia:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require (a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and (b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his expert. The answer or separate report must be signed by the expert.

"(2) Upon cause shown, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate.

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipa-

tion of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate. . . .

"(b) If the identity of an expert witness is not disclosed in compliance with subdivision (a)(1) of this rule, he shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief."

Pa.R.C.P. 4006 provides, inter alia:

"(a)(1) Answers to interrogatories shall be in writing and under oath. The answers shall be inserted in the spaces provided in the interrogatories. If there is insufficient space to answer an interrogatory, the remainder of the answer shall follow on a supplemental sheet.

"(2) Each interrogatory shall be answered fully and completely unless objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers shall be signed by the person making them, and the objections shall be signed by the attorney making them. The statement of an objection shall not excuse the answering party from answering all remaining interrogatories to which no objection is stated. The answering party shall file and serve a copy of the

answers, and objections if any, within thirty (30) days after the service of the interrogatories. The party submitting the interrogatories may move the court to dismiss an objection and direct that the interrogatory be answered.

"(3) An interrogatory otherwise proper is not objectionable solely because an answer will involve an opinion or contention that relates to a fact or the application of law to fact. The court may order that such an interrogatory need not be answered, if at all, until after other designated discovery has been completed or until a pre-trial conference or other later time."

Pa.R.C.P. 4007.4 provides, inter alia:

"A party or an expert witness who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired except as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony as provided in Rule 4003.5(a)(1)."

A reasonable construction of the foregoing rules and their application to the facts in the case at bar leads us to the conclusion that the interrogatories, supplemental interrogatories and second supplemental interrogatories filed and served upon defendants were in proper form, and no valid objection or request for protective order having been made, defendants should have responded within 30 days of the date of service.

With regard to the contention of defendant hospital that as of April 7, 1980, it had not arrived at an ultimate determination as to the identity of the expert witness or witnesses it would call, it is our opinion that at best this is not a satisfactory response and smacks of an effort to evade compliance with the rules of the Supreme Court of Pennsylvania. We find it hard to believe that experienced trial counsel would not in the month preceding the first scheduled trial date (March 10, 1980), and one month five days preceding the second scheduled trial date (May 12, 1980) have made a full and complete investigation of plaintiffs' claim and developed a list of expert witnesses for the defense. It is certainly possible that defense counsel has not made the ultimate decision as to which one or several experts out of a number of experts he would call; and, indeed, that ultimate decision might well be deferred until several days before the actual trial date. However, if Pa.R.C.P. 4003.5 is to be of any material value to parties in litigation, such a subterfuge cannot be countenanced. In our judgment defendant hospital had a duty to inform plaintiffs of those prospective expert witnesses it was likely to call and supply any other information concerning those witnesses requested in plaintiffs' interrogatories, supplemental interrogatories and second supplemental interrogatories within 30 days of service. Under Pa.R.C.P. 4007.4 supplemental responses should have been supplied as the facts and trial strategy developed.

We have made no reference to the failure of defendant doctor to respond to the interrogatories and supplemental interrogatories concerning expert witnesses because, as previously noted, we consider that defendant doctor intends to call no expert witnesses other than himself.

Pa.R.C.P. 4009 provides, inter alia:

"(a) Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other compilations of data from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of Rules 4003.1 through 4003.5 inclusive and which are in the possession, custody or control of the party upon whom the request is served; or

"(b)(1) The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the original process upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.

"(2) The party upon whom the request is served shall serve a written response within thirty (30) days after the service of the request. . . ."

It would appear that plaintiffs' request for the production of documents does not strictly adhere to the language above quoted. However, no objection to the procedure followed by plaintiffs was made by either defendant, and we therefore consider the objections waived. Defendant hospital responded on February 21, 1980 to plaintiffs' requests 2 and 3 filed October 18, 1979, and objected over the signature of counsel to request 1. As above noted, we

expect compliance with the court's order of March 20, 1980 concerning request 1. No explanation has been given for the four month delay in filing the initial response. Defendant doctor. has not filed a response to plaintiffs' request for production of documents, but his counsel indicates in his brief of April 9, 1980 all documents requested have been produced and will be provided to plaintiffs in a matter of several days. No explanation has been given for the failure to file a response as required by the rules.

Pa.R.C.P. 4019 provides, inter alia:

"(a)(1) The court may, on motion, make an appropriate order if (i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005; . . . (vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested; (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

"(2) A failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order. . . .

"(c) The court, when acting under subdivision (a) of this rule, may make

"(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience. . . .

"(5) such order with regard to the failure to make discovery as is just. . . .

"(g)(1) Except as otherwise provided in these rules, if following the refusal, objection or failure of a party or person to comply with any provisions of this chapter, the court, after opportunity for hearing, enters an order compelling compliance and the order is not obeyed, the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the order for sanctions, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

As hereinabove noted, defendants contend in reliance on Pa.R.C.P. 4019(g)(1) that plaintiffs' motion to compel discovery and impose sanctions are premature because the conditions precedent for the imposition of sanctions are an opportunity for hearing, a court order compelling compliance, disobedience of the court order, and then a motion for sanc-

tions. We find no merit in the defense argument of prematurity for Pa.R.C.P. 4019(g)(1) specifically provides, "except as otherwise provided in these rules," and 4019(c) provides equally specifically "the court, when acting under subdivisions (a) of this rule may . . ." In this case the plaintiffs are proceeding under 4019(a)(1)(i)(vii) and (viii).

Under the facts presented to us we cannot conclude other than that:

(1) Defendant hospital failed to file any answer to plaintiffs' supplemental interrogatories; failed to file timely answers to plaintiffs' second supplemental interrogatories and failed to file sufficient answers to plaintiffs' interrogatories and second supplemental interrogatories.

(2) Defendant doctor failed to file timely answers to plaintiffs' interrogatories and supplemental interrogatories.

(3) Defendant hospital failed to file a timely answer to plaintiffs' request for the production of documents.

(4) The doctor failed to file any answer to the plaintiffs' request for production of documents.

We, therefore, conclude plaintiffs' motion is timely justified and warrants the imposition of sanctions.

Parenthetically, we note that counsel for plaintiffs has extensively discussed in his brief his efforts to secure early and amicable responses to his discovery proceedings by voluntarily divulging to counsel for defendants the identity of his prospective expert witnesses, their credentials, their opinions, and other sources he deems authoritative and supporting his claims. The court applauds such wholehearted disclosure, but will give no weight to it in the disposition of plaintiffs' motion, for it is not

entirely unaware of the psychological advantage plaintiffs' counsel may hope to enjoy in settlement discussions through such disclosures.

Plaintiffs have urged the court to impose sanctions in the nature of a default judgment against both defendants, and limit the issue at trial to one of damages, or at the very least prohibit defendants from utilizing any expert testimony in their case in chief. This court has no doubt but that Pa.R.C.P. 4019 does authorize the imposition of such sanctions. However, we must observe that there was an extreme delay between the filing of plaintiffs' praecipe for a writ and the filing of the complaint; the amended complaint was not filed until March 25, 1980; and plaintiffs took no action to compel responses by defendants until the filing of the motion here under consideration. Under these circumstances, we conclude that the relief requested by plaintiffs is excessively punitive and unwarranted.

However, this court does expect this case to be in a posture for trial during the May term of court, and in the absence of extraordinary reasons will decline to grant further continuances in a case too long delayed. The court recognizes the importance of terminating further dilatory tactics on the part of defendants so that plaintiffs may proceed with such other discovery as trial strategy dictates. The court further recognizes the right of plaintiffs to be reimbursed for any expenses or costs incurred by reason of the facts requiring the procedure followed by counsel for plaintiffs in preparing and presenting the motion here under consideration and preparation of the brief in support of that motion.

## ORDER

Now, April 28, 1980, the court finds that defendants have failed to comply with the applicable Rules

of Civil Procedure governing depositions and discovery to the prejudice of the plaintiffs and it is ordered and decreed that sanctions are imposed upon defendants in manner following:

1.  Counsel for plaintiffs shall prepare and submit to counsel for defendants a statement of all reasonable counsel fees and expenses incurred in the preparation and presentation of plaintiffs' motion to compel discovery and impose sanctions, and the preparation and delivery of the brief in support thereof, and defendants shall pay the same within 20 days of receipt of said statement.

2.  Defendant hospital shall forthwith respond to plaintiffs' interrogatories concerning expert witnesses in accordance with the opinion above and;

(a)  If sufficient responses have not been filed and served upon plaintiffs within ten days of the date of this order defendant hospital's new matter shall be deemed stricken and the defense therein pleaded will not be available to defendant hospital; and

(b)  If sufficient responses are not filed and served upon plaintiffs within 20 days of the date of this order the court will entertain a motion for the entry of a default judgment against the said hospital.

3.  Defendant hospital will comply with the order of March 20, 1980 for the production of documents by delivery of the same to plaintiffs or suffer the sanctions as above set forth in paragraph two of this order.

4.  Defendant hospital shall file and serve upon plaintiffs answers to the supplemental interrogatories, and upon failure to do so shall suffer sanctions as hereinabove set forth in paragraph two of this order.

5.  No sanctions are imposed upon Dr. Alfred S.

Frantz for failure to respond to the interrogatories pertaining to expert witnesses by reason of counsel's statement that no expert witnesses will be called in defendant doctor's defense in chief.

6. Defendant doctor shall deliver to plaintiffs the documents requested by their motion; and

(a) Upon failure to deliver the same within ten days of the date of this order defendant doctor's new matter shall be deemed stricken and the defense therein pleaded will not be available to defendant doctor; and

(b) If sufficient responses are not filed and served upon plaintiffs within 20 days of the date of this order the court will entertain a motion for the entry of a default judgment against the said doctor.

Costs of this proceeding to be paid by defendants.

Exceptions are granted plaintiffs and defendants.